IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM H. MCNEIL                                          PLAINTIFF

V.                                        CAUSE NO. 3:15-CV-00927-CWR-FKB

QUALITY LOGISTICS SYSTEMS, INC.;                          DEFENDANTS
KEVIN BRAUD; GEORGIA-
PACIFIC/PAPER AND FOREST
PRODUCTS; DALE CULBERTSON;
GEORGIA-PACIFIC, LLC; JOHN/JANE
DOES; and TREY RAMSEY

<u>ORDER</u>

Before the Court are two motions to dismiss. The first was filed on behalf of Kevin

Braud, Quality Logistics Systems, Inc., and Trey Ramsey. Docket No. 25. The second was filed

on behalf of Georgia-Pacific, LLC and Georgia-Pacific/Paper and Forest Products ("the Georgia-

Pacific defendants"). Docket No. 27. Each of these groups of defendants joined in the motion to

dismiss made by the other. Docket Nos. 29 and 31. Having reviewed the briefing as well as the

applicable law, the Court is ready to rule.

I.      **Factual and Procedural History**

William McNeil is a former employee of Quality Logistics Systems, Inc. ("QLS").

Docket No. 6. His employment relationship was terminated on November 10, 2014. *Id.*, at 5.

Proceeding pro se, he filed a charge of discrimination on the basis of race, retaliation, and hostile

work environment with the EEOC on January 9, 2015. *Id*.; *see also* Docket No. 39, at 2. The

EEOC mailed a letter notifying plaintiff of his right to sue on September 23, 2015. Docket No. 1-

1.[1] After retaining counsel, McNeil initiated the present suit on December 22, 2015, naming

---

[1] No party has placed in evidence a copy of the EEOC charge. Plaintiff, however, appears to concede that he did not
file his charge against the Georgia-Pacific defendants. *See* Docket No. 39, at 3 ("While it may be true that Plaintiff
did not file an EEOC claim against Georgia-Pacific. . ."). Furthermore, the Right to sue letter issued by the EEOC

several defendants including QLS and Georgia-Pacific. See Docket No. 1; *see also* Docket No. 39, at 2. Plaintiff never issued summonses from his initial complaint. Plaintiff filed an amended complaint on April 26, 2016. Docket No. 2. Summonses were issued from the amended complaint the same day. Docket Nos. 3 and 4. The Court determined that the amended complaint was incomplete and, through a Text-Only Order entered May 16, 2016, directed plaintiff to refile his amended complaint, issue new summonses, and serve defendants with the newly-filed complaint. Plaintiff complied with the Court's order, filing his second amended complaint on June 6, 2016, and subsequently having the summonses issued on July 11, 2016. Docket Nos. 6 and 10.

Plaintiff's second amended complaint contains eight distinct claims: 1) wrongful termination; 2) racial discrimination under 42 U.S.C. § 2000e *et seq*. ("Title VII"); 3) retaliation under Title VII; 4) intentional misrepresentation; 5) intentional infliction of emotional distress; 6) negligent misrepresentation; 7) negligent failure to implement/supervise; and 8) negligent infliction of emotional distress. Docket No. 6. The complaint does not make clear against whom each of these charges is levied. *See id.* The present motions to dismiss followed.

## II.    Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual

---

appears to acknowledge that the charge was only filed against QLS, as QLS's Human Resource Manager and its counsel are copied on the charge, and not the Georgia-Pacific defendants. Docket No. 1-1.

allegations." *Id.* at 678 (quotation marks and citation omitted). Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### III.    Discussion

Timing is at issue in this case. The Court's analysis begins with the ninety (90) day window for service, required by Rule 4 of the Federal Rules of Civil Procedure, then addresses which parties may be retained as proper defendants for purposes of Title VII claims. Lastly, the Court considers the state law claims advanced by plaintiff.

### A.    Rule 4

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added). Dismissal of plaintiff's Title VII claims without prejudice, however, "would function as a dismissal *with prejudice* because the action would be time barred upon refiling." *Turner v. Galloway*, No. 3:14-CV-562-DPJ-FKB, 2015 WL 4878836, at *2 (S.D. Miss. 2015). In such cases, "a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

The Fifth Circuit has "recognized that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). "Even if plaintiff lacks good

cause, the court has discretionary power to extend the time for service. A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'" *Id*. at 325 (quoting FED. R. CIV. P. 4(m) advisory committee's note to 1993 amendment).

"Where [the Fifth Circuit] has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: 1) a delay caused by the plaintiff himself and not his attorney; 2) actual prejudice to the defendant; or 3) delay caused by intentional conduct." *Id*. at 326 (quotation marks and citation omitted). The appellate court has offered further guidance on these points, explaining that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)); *see also Millan*, 546 F.3d at 326 n.6 (citing *Newby v. Enron Corp.*, No. 06-20658, 284 F. App'x 146, 151 (5th Cir. 2008) (explaining that the court affirmed dismissal in part based on the fact that plaintiff did not attempt to serve defendant for more than 1,000 days)).

In this case, plaintiff failed to timely serve defendants.[2] The delay does not appear to be the fault of Mr. McNeil,[3] nor does it appear to be the result of contumacious conduct on the part of his attorney. Plaintiff's counsel may be negligent in her failure to timely serve, but "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—

---

[2] Prior to recent amendment, plaintiffs were allotted 120 days in which to affect service. Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Regardless of which iteration of the rule is applied, plaintiff failed to make timely service.

[3] For purposes of the first aggravating factor listed, the Court considers to whom each action may be attributed. In *Millan*, the court carefully considered the distinction between party and counsel, as plaintiff in that case was himself an attorney proceeding pro se. The court paid special attention to his dual roles, finding that "the delay in this case resulted from Millan's actions in his capacity as a lawyer, rather than in his capacity as a litigant." 546 F.3d at 327. Ensuring that summonses are issued in litigation is properly the responsibility of counsel, not client.

that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice.'" *McNeal*, 842 F.2d at 792 (quoting *John*, 828 F.2d at 1131-32); *see also Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) (not faulting the party when counsel was to blame for waiting before attempting service). Such resistance is not present here. The Court further finds that no actual prejudice to the defendants was caused by this delay. *Millan*, 546 F.3d at 327 ("potential prejudice…of having to defend the case on its merits and the possibility of someone having to pay damages to [plaintiff]…is not the sort of prejudice that requires dismissal"). Therefore, the portion of the present motions to dismiss premised on violation of Rule 4 are denied.

### B.    Title VII Defendants

Although his Title VII claims survive dismissal under Rule 4, plaintiff is not free to pursue them against all defendants. "This circuit has held that there is no individual liability for employees under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)). "Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity." *Id.* at 449 (citing *Indest*, 164 F.3d at 262). *See also Ackel v. Nat'l Commc'ns. Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("[i]ndividuals are not liable under Title VII in either their individual or official capacities."). To the extent that plaintiff levied Title VII claims against any of the individual defendants, namely Braud, Ramsey and Culbertson,[4] in either their official or individual capacities, they are dismissed.

---

[4] Georgia-Pacific points out that Culbertson still has not been served with the second amended complaint, and the Court need not address the fact that he is named as a defendant. *See Thomas v. Tully*, 2006 WL 3714314, at *1 (E.D. La. 2006) (an unserved defendant is not a proper party to a lawsuit); *Shorty v. Sparkman*, No. 5:12-cv-114(DCB)(MTP), 2013 WL 4773943, at *3 (S.D. Miss. Sept. 4, 2013) (adopting report and recommendation) (without proper service a defendant cannot be directed to answer) (citing Fed. R. Civ. P. 12(a)(1))(A)). Even had he been served, there could be no individual liability as to the Title VII claims purportedly alleged against him. *See Indest,* 164 F.3d at 262.

There are two additional hurdles plaintiff must overcome to maintain his Title VII claims against the defendant organizations: exhaustion of administrative remedies, and an employment relationship. First, by its own terms, Title VII only allows a civil suit to be brought "against the respondent named in the [EEOC] charge." 42 U.S.C. § 2000e-5(f)(1). "[A] party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988); *see also McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) ("Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation."). Here, the EEOC Charge was never made part of the record by any party. The right-to-sue letter, however, reflects that QLS representatives were copied, but does not reflect the same for the Georgia-Pacific defendants. Docket No. 1-1. Moreover, no showing has been made to demonstrate a clear identity of interest between QLS and the Georgia-Pacific defendants, or that the Georgia-Pacific defendants unfairly prevented the filing of an EEOC charge.

Second, even if the plaintiff could overcome the first hurdle, he failed to plead facts establishing or tending to show that either of the Georgia-Pacific defendants was his "employer," under 42 U.S.C. § 2000e(b).

> The definition of "employer" is to be liberally construed and normally independent entities may be found the be a single employer upon showing of "1) interrelation of operations, 2) centralized control of labor relations, 3) common management, and 4) common ownership or financial control." The second factor, centralized control of labor relations, is the be accorded the most weight.

*Saulsberry v. Atlantic Richfield Co.*, 673 F. Supp. 811, 815 (N.D. Miss. 1987) (citing *Chaiffetz v. Robertson Research Holding, Ltd.*, 798 F.2d 731, 735 (5th Cir. 1986)). Plaintiff does not allege

any facts tending to show centralized control of labor relations. *See generally* Docket 6. Fatal to his Title VII claim against Georgia Pacific, at all operative times plaintiff alleges only that QLS was his employer. Docket Nos. 6, 38 and 39. QLS also admits that it employed plaintiff. Docket No. 28. Furthermore, QLS has not alleged, nor has it plead any facts to allege, that it does not meet the other requirements of an "employer" under 42 U.S.C. § 2000e(b). Therefore, QLS is properly named as defendant for purposes of plaintiff's Title VII claims. To the extent that those claims were aimed at either of the Georgia-Pacific defendants, they are dismissed.

### C.    State Law Claims

Plaintiff's state law claims can be grouped as follows: wrongful termination, intentional torts, and negligent torts. The Court considers them in that order.

### i.    Wrongful Termination

Plaintiff has not alleged that his employment with QLS was reduced to a written agreement, nor has he submitted such an agreement to the Court. That relationship, then, is subject to Mississippi's adherence to the common-law doctrine of employment at-will, which allows either party to terminate the employment relationship with or without cause. *See Perry v. Sears, Roebuck & Co.*, 508 So. 2d 1086, 1088 (Miss. 1987). Plaintiff attempts to invoke a narrow exception to this doctrine, articulated in *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993), but he has not alleged that he was fired for reporting criminal conduct. The Court finds that exception inapplicable here. *See, e.g., Lamb v. Booneville Sch. Dist.*, No. 1:08-CV-254-SA-JAD, 2010 WL 457576, at *6 (N.D. Miss. 2010) (dismissing *McArn* claim because plaintiff did not report to employer that activity it engaged in was criminally illegal). Plaintiff's claim for wrongful termination is dismissed.[5]

---

[5] To the extent McNeil's *McArn* claims are asserted against Braud, Ramsey and Culbertson, they fail "because liability under *McArn* is limited to the employer and does not extend to individual defendants." *Papagolos v.*

### ii.    Intentional Torts

Plaintiff's suit contains two claims for intentional torts: intentional misrepresentation; and intentional infliction of emotional distress. They are both barred under Mississippi's one-year statute of limitations for intentional torts. *See, e.g., Lynch v. Lib. Mut. Ins. Co.*, 909 So. 2d 1289, 1292 (Miss. Ct. App. 2005) ("[D]eliberate rather than negligent acts…fall within the one year statute of limitations for intentional torts."); *see also Jones v. Fluor Daniel Servs. Corp.*, 32 So.3d 417, 423 (Miss. 2010) ("[T]he tort of intentional infliction of emotional distress…carries a one-year statute of limitations."). Both claims advanced by plaintiff relate to his employment, which was terminated on November 10, 2014, but this suit was not filed until December of 2015. Docket No. 1. These claims are dismissed.

### iii.    Negligent Torts

Plaintiff brought three claims of negligence in this case: 1) negligent misrepresentation; 2) negligent failure to implement/supervise; and 3) negligent infliction of emotional distress. They are all barred by the exclusivity provision of Mississippi Workers' Compensation Act. Construing Mississippi state law, our federal courts have been universal on this point.  *See Ramirez v. Commc'ns Vertex Aerospace, LLC*, No. 3:11-CV-297-CWR-LRA, 2012 WL 1033497, at *3 (S.D. Miss. 2012); *Bennett v. GEO Group, Inc.*, No. 4:10-CV-133-CWR-FKB, 2011 WL 5864674, at *5 (S.D. Miss. 2011); *Tisdale v. New Palace Casino*, No. 1:11-CV-166-HSO-JMR, 2011 WL 5833695, at *3 (S.D. Miss. 2011) ("As a matter of Mississippi law…negligence claims are barred by the exclusivity provision of the Workers' Compensation Act."); *Anderson v. Miss. Baptist Med. Ctr.*, No. 3:10-CV-469-TSL-MTP, 2011 WL 3652210, at *3 (S.D. Miss. 2011). These claims are dismissed.

---

*Lafayette Cnty. Sch. Dist.*, 972 F. Supp. 2d 912, 932 (S.D. Miss. 2013) (citing *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (Miss. 2008)).

**IV.     Conclusion**

The motions to dismiss, Docket Nos. 25 and 27, are granted in part and denied in part.

Plaintiff's Title VII claims of racial discrimination and retaliation, as levied against QLS survive.

All other claims and all other defendants are dismissed.

Within 10 days of the entry of this Order, the parties are to contact the chambers of the

Magistrate Judge for entry of a scheduling order.

**SO ORDERED**, this the 30th day of November, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE